UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVEL HUNTER, | ) |
| | ) FILED: DECEMBER 31, 2008 |
| Plaintiff, | ) Case No. 08 CV 7467 |
| v. | ) |
| | ) JUDGE LINDBERG |
| | ) Judge ~~MAGISTRATE JUDGE NOLAN~~ |
| JOHN ORMOND, MICHAEL GARZA, | ) |
| UNKNOWN NUMBER OF UNNAMED | ) Magistrate Judge _____ |
| OFFICERS OF THE CHICAGO POLICE | ) |
| DEPARTMENT and CITY OF CHICAGO, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, LAVEL HUNTER, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants JOHN ORMOND, MICHAEL GARZA, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter "UNKNOWN OFFICERS"), were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiff will move to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On December 14, 2007, at approximately 9:00 PM, plaintiff, LAVEL HUNTER, was lawfully in a store on the 3800 block of W. Roosevelt Road in Chicago, Illinois, engaged in lawful activity.

9. Defendants JOHN ORMOND, MICHAEL GARZA, and UNKNOWN OFFICER walked into the store saying "hold it," and grabbed plaintiff. They stopped plaintiff without reasonable suspicion and without legal cause.

10. Defendants JOHN ORMOND, MICHAEL GARZA, and UNKNOWN OFFICER said something about two guys with hazardous materials and proceeded to search plaintiff and arrest him, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

11. Defendants JOHN ORMOND, MICHAEL GARZA, and UNKNOWN OFFICER caused false felony drug charges to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said crimes.

12. Plaintiff, LAVEL HUNTER, was wrongfully incarcerated for almost three weeks for said false criminal charges.

13. The false criminal charges against plaintiff were ultimately dismissed and plaintiff was released from custody.

14. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

15. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

16. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff Against Defendants ORMOND, GARZA, and UNKNOWN OFFICER for Illegal Stop**

17. Plaintiff, LAVEL HUNTER, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

18. The stop of plaintiff by defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

19. By reason of the conduct of defendants, plaintiff, LAVEL HUNTER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ORMOND, GARZA, and UNKNOWN OFFICER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
**Plaintiff Against Defendants ORMOND, GARZA, and UNKNOWN OFFICER for Illegal Search**

20. Plaintiff, LAVEL HUNTER, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

21. The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

22. By reason of the conduct of defendants, plaintiff, LAVEL HUNTER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ORMOND, GARZA, and UNKNOWN OFFICER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
**Plaintiff Against Defendants ORMOND, GARZA, and UNKNOWN OFFICER for False Arrest**

23. Plaintiff, LAVEL HUNTER, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

24. The arrest and incarceration of plaintiff by defendants ORMOND, GARZA, and UNKNOWN OFFICER for the purpose of charging him with false crimes were without probable cause and unreasonable.

25. By reason of the conduct of the individual defendants, plaintiff, LAVEL HUNTER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ORMOND, GARZA, and UNKNOWN OFFICER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
**Plaintiff Against Defendants ORMOND, GARZA, UNKNOWN OFFICER, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution**

30. Plaintiff, LAVEL HUNTER, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

31. Defendants ORMOND, GARZA, and UNKNOWN OFFICER maliciously caused felony drug charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of any criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

32. Defendants ORMOND, GARZA, and UNKNOWN OFFICER facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false information under oath.

33. Plaintiff was wrongfully incarcerated for over three weeks as a direct result of the prosecution of the criminal charges.

34. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

35. The criminal proceedings were terminated in plaintiff's favor.

36. Defendants ORMOND, GARZA, and UNKNOWN OFFICER, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

37. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, LAVEL HUNTER, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B. That defendants be required to pay plaintiff special damages,

    C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: December 31, 2008                             /s Irene K. Dymkar
                                                     Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123