UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVEL HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08 C 7467 |
| ) | |
| JOHN ORMOND, MICHAEL GARZA, ) | Judge George W. Lindberg |
| BRIAN HOOD, JEFFREY MAYER, ) | |
| GENELLE MICHON, and CITY OF ) | Magistrate Judge Nan R. Nolan |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## JOINT PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R.Civ. P. ("Rule") 16, at which Irene K. Dymkar, 300 W. Adams, Suite 330, Chicago, IL 60606, (312) 345-0123, having appeared as counsel for Plaintiff, Lavel Hunter, and Richard B. Levy, Frank P. Nowicki, Brian P. Gainer, Alexandria Bell, Timothy B. Young, and Reiko Satoh, Johnson & Bell, Ltd., 33 W. Monroe Street., Suite 2700, Chicago, IL 60603, (312) 372-0770, having appeared as counsel for Defendants, John Ormond, Michael Garza, Brian Hood, Jeffrey Mayer, Genelle Michon, and City of Chicago, and said counsel submitted the following:

1. This is an action brought pursuant to 42 U.S.C. § 1983 for redress of alleged violations of Plaintiff Lavel Hunter's civil rights. The jurisdiction of the court is invoked under 28 U.S.C. §1331 and §1343. Jurisdiction is not disputed.

2. The following stipulations and statements were submitted and are attached to and made a part of this Order:

    (a) a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury by the court or any party;

    **See attached Exhibit A.**

    (b) for jury trials a short agreed description of the case to be read to prospective jurors:

    **See attached Exhibit B.**

    (c)    except for rebuttal exhibits, schedules in the form set out in the attached Schedule C of–

        (1)    all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence, and

        (2)    any demonstrative evidence and experiments to be offered during trial;

    **See attached Exhibit C (Plaintiff's exhibits) and Exhibit D (Defendants' exhibits).**

    (d)    a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;

    **See attached Schedules E (Plaintiff's witnesses) and Exhibit F (Defendants' witnesses).**

    (e)    stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand;

    **There are no experts in this case.**

    (f)    a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;

    **At the present time, the parties do not anticipate reading any deposition testimony into evidence, but reserve their respective rights to do so if a witness who has been deposed in this action becomes unavailable for trial. Depositions and portions thereof will be used as necessary to impeach and/or refresh the recollection of any witnesses called at trial pursuant to the Federal Rules of Evidence.**

    (g)    an itemized statement of damages:

    **Plaintiff claims compensatory damages for emotional distress and pain and suffering in an amount to be ascertained by the jury.**

    **Plaintiff claims punitive damages in an amount to be ascertained by the jury.**

    (h)    for a jury trial, each party shall provide the following:

        (i)    trial briefs except as otherwise ordered by the court;

    **The parties have previously filed briefs pertaining to plaintiff's summary judgment motion and they ask the court to consider those briefs at trial, in addition to any trial briefs which the parties may file.**

  (ii) one set of marked proposed jury instructions, verdict forms and special interrogatories, if any;

  **The court is not requiring jury instructions to be submitted at this time.**

  (iii) a list of the questions the party requests the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a);

  **See attached Exhibit G (Plaintiff's proposed voir dire) and Exhibit H (Defendants' proposed voir dire).**

 (i) a statement that each party has completed discovery, including the depositions of expert witnesses (unless the court has previously ordered otherwise). Absent good cause shown, no further discovery shall be permitted.

  **All discovery has been completed.**

 (j) subject to full compliance with all the procedural requirements of Rule 37(a)(2), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court.

  ***Motions in limine* are being separately filed.**

 (k) an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to (optional);

  **Parties are not presenting a statement of the contested issues of fact and law.**

 (l) waivers of any claims or defenses that have been abandoned by any party;

  **No claims or defenses have been abandoned.**

3. Trial of this case is expected to take 4 days. It will be listed on the trial calendar, to be tried when reached.

4. [X] Jury [_] Non-jury

5. The parties recommend that 12 jurors be selected at the commencement of trial.

6. The parties agree that the issues of liability and damages should not be bifurcated for trial.

7. The parties do not consent to this case being reassigned to a magistrate judge for trial.

8. This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

      9. The possibility of settlement of this case was considered by the parties. A demand was made by plaintiff. No offer was made by defendants.

Date:_____            _____
                                                         Hon. George W. Lindberg
                                                          United States District Judge

APPROVED AS TO FORM AND SUBSTANCE:

Date: February 9, 2011

  /s/ Irene K. Dymkar_____        /s/   Brian P. Gainer_____

IRENE K. DYMKAR (Lead Counsel)           RICHARD B. LEVY (Lead Counsel)
Attorney for Plaintiff                                      FRANK P. NOWICKI
300 W. Adams, Suite 330                         BRIAN P. GAINER
Chicago, IL 60606                                         ALEXANDRIA L. BELL
(312) 345-0123                                               TIMOTHY B. YOUNG
                                                                      REIKO SATOH
                                                                      Attorneys for Defendants
                                                                      33 W. Monroe Street, Suite 2700
                                                                      Chicago, IL 60603
                                                                      (312) 372-0770