THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVEL HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 7467 |
| | ) | |
| JOHN ORMOND, MICHAEL GARZA, | ) | Judge Lindberg |
| BRIAN HOOD, JEFFREY MAYER, | ) | |
| GENELLE MICHON, and CITY OF | ) | Magistrate Judge Nolan |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* #1 TO BAR EVIDENCE, TESTIMONY, OR ARGUMENT OF PRIOR CITIZEN COMPLAINTS AND/OR OTHER PRIOR OR CURRENT LAWSUITS FOR ALLEGED POLICE MISCONDUCT**

Defendants, City of Chicago and Chicago Police Officers John Ormond, Michael Garza, Brian Hood, Jeffrey Mayer, and Genelle Michon, by and through their attorneys, Johnson & Bell, Ltd., respectfully move this Court, *in limine*, as follows:

Plaintiff has questioned Defendants at their depositions regarding prior lawsuits of alleged misconduct, including, *Mason v. City of Chicago*, 07-CV-4763 in the Northern District of Illinois; and *Gerald Cross v. City of Chicago*, 07-CV-2472 in the Northern District of Illinois. Based on Plaintiff's counsel's prior conduct at depositions, Defendants believe that Plaintiff's counsel may refer to or question Defendants at this trial regarding these cases and other lawsuits of alleged police misconduct. Defendants further move to bar evidence, testimony, or argument of prior citizens complaints.

Defendants move to bar this evidence of these lawsuits, the allegations and the outcomes, along with all general evidence of unrelated complaints of misconduct, because it constitutes improper character evidence, or propensity evidence, under Fed.R.Evid. 404. Moreover, this

evidence is irrelevant, is hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and its potential to mislead the jury. Fed.R.Evid. 401, 402, 403 and 404.

Any information, allegation, or testimony that the Defendant Officers may have acted wrongfully in the past is nothing more than so-called "bad acts" evidence or "propensity evidence." Propensity evidence is inadmissible under Fed.R.Evid. 404(b) to prove that a party acted on the occasion in question consistent with his alleged bad character. *See Huddleston v. U.S.,* 485 U.S. 681, 685 (1988); *U.S. v. Shriver,* 842 F.2d 968, 974 (7th Cir. 1988). Although Rule 404(b) permits the admission of evidence of other acts, if such evidence is directed toward establishing a matter at issue other than a defendant's propensity to commit the act charged, the plaintiff in this case will not be able to satisfy his burden under Rule 404(b) of explicitly articulating which exception to the general rule applies. *U.S. v. Zapata,* 871 F.2d 616, 620-21 (7th Cir. 1989).

To introduce such evidence, a party must show that (1) the evidence establishes a matter other than propensity, (2) the other act is "similar enough and close enough in time be relevant to the matter in issue," (3) evidence of the other act is sufficient to permit a jury to find that the act occurred, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Treece v. Hochstetler,* 213 F.3d 360, 363-64 (7th Cir. 2000). In fact, in order to ensure that the evidence at issue is not offered to establish officers' propensity to commit the acts for which they are accused, the courts require that the prior bad acts evidence bear "<u>a singular strong resemblance</u> to the pattern of the offense charged." *United States v. Robinson,* 161 F.3d 4636, 468 (7th Cir. 1998) (emphasis added). The plaintiff is unable to satisfy any of these standards, and should therefore be barred from introducing any such evidence. The plaintiff cannot establish that the other bad acts evidence is anything more than

propensity evidence, nor can the plaintiff establish this evidence is even slightly probative in the present case. This result should be barring this testimony under FRE 401, 402, and 404.

Moreover, even if there were some probative value in admitting this testimony and evidence identified above, it would be overwhelmingly outweighed by the danger of unfair prejudice. FRE 403; *see also, Shaffer v. Brinegar,* 23 Fed.Appx.580, 584 (7th Cir. 1989) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant). Any evidence or suggestion that an investigation was conducted by IPRA, or its predecessor OPS, into any allegations of misconduct against the defendant officers, will create a presumption in the minds of the jury that the Chicago Police Department believed that the defendants engaged in the alleged wrongdoing, thereby creating unfair prejudice that greatly outweighs the minimal probative value of the evidence. FRE 403.

Furthermore, evidence pertaining to any CR investigation would confuse jury members over the issues to be decided at the trial of this matter, as they may feel the need to determine whether IPRA's investigations were conducted properly. As the *Moore v. City of Chicago, et.al.,* 2008 U.S. Dist. LEXIS 31634, *14 (N.D. Ill. 2008) court correctly noted, introduction of any evidence or testimony of "unrelated" CR files in this case will certainly result "in trial within trials" and "in an inefficient use of time and substantial prejudice" to all of the Defendant Officers.

In this case, Plaintiff's only purpose for introducing or suggesting such evidence would be to attempt to fool the jury into believing that accusations of alleged misconduct had been brought against these officers in the past by lawsuits and complaints, and it is therefore likely that the officers acted improperly under the circumstances presented here. Such a conclusion is not only incorrect, but highly prejudicial and not probative in any way.

3

The evidence that the plaintiff would attempt to introduce is undoubtedly inadmissible hearsay, as there have been no witnesses disclosed who could authenticate the evidence of prior complaints. For the reasons set forth above, the defendants respectfully request that any evidence of prior police misconduct, including CR's and lawsuits against the Defendant Officers, be excluded.

WHEREFORE, Defendants respectfully request this Court to grant Defendants' Motion *in Limine* #1 to Bar Evidence, Testimony, or Argument of Prior Citizen Complaints and/or other Prior or Current Lawsuits for Alleged Police Misconduct, and for any other relief deemed just and appropriate.

Respectfully submitted,

/s/ Brian P. Gainer
One of the Attorneys for the Defendants

Richard B. Levy
Frank P. Nowicki
Brian P. Gainer
Alexandria L. Bell
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
#2474353

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVELL HUNTER, | |
| Plaintiff, | |
| v. | No. 08 CV 7467 |
| JOHN ORMOND, MICHAEL GARZA, BRIAN HOOD, JEFFREY MAYER, GENELLE MICHON, and CITY OF CHICAGO | Judge Lindberg |
| | Magistrate Judge Nolan |
| Defendants. | |

## CERTIFICATE OF SERVICE

TO: Irene K. Dymkar
300 West Adams, Suite 330
Chicago, IL 60606-5107

I hereby certify that on the 10th day of February, 2011, I electronically filed Defendants' Motion *in Limine* #1, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the above listed counsel.

/s/ *Brian P. Gainer*
One of the Attorneys for the Defendants

Richard B. Levy
Frank P. Nowicki
Brian P. Gainer
Alexandria L. Bell
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770