# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7467 | **DATE** | 3/15/2011 |
| **CASE TITLE** | Hunter vs. Ormond, et al. | | |

**DOCKET ENTRY TEXT**

Defendants have withdrawn motions *in limine* 5, 11, and 14 [docket ## 107, 113, 116]. Defendants' motions *in limine* 1, 4, 6, 7, 8, 9, 10, and 15 [docket ## 103, 106, 108, 109, 110, 111, 112, 117] are granted. Defendants' motions *in limine* 2 and 3 [docket ## 104, 105] are granted in part and denied in part. Defendants' motions *in limine* 12, 13, 16, 17, and 18 [docket ## 114, 115, 118, 119, 120] are denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court are defendants' eighteen motions *in limine*. A motion *in limine* should not be granted unless the evidence is "inadmissible on all potential grounds." *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008). Denial of a motion *in limine* does not mean that the evidence challenged in the motion will be admitted, but rather that the court cannot determine prior to trial whether the evidence should be excluded. *McClain v. Anchor Packing Co.*, No. 89 C 6226, 1996 WL 164385, at *2 (N.D. Ill. Apr. 3, 1996). Rulings on motions *in limine* are "subject to change when the case unfolds . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. U.S.*, 469 U.S. 38, 41-42 (1984).

Defendants' motion *in limine* #1
    Defendants seek to bar evidence, testimony, or argument of prior citizen complaints and/or other prior or current lawsuits for alleged police misconduct. Plaintiff appears to agree that such evidence should not be introduced at trial, and therefore the motion is granted. The Court notes that although plaintiff suggests in his response to this motion that defendants should agree not to elicit evidence relating to plaintiff's criminal record, plaintiff has not filed a motion *in limine* regarding his criminal record.

Defendants' motion *in limine* #2
    Defendants seek to exclude non-party witnesses from the courtroom during opening statements and testimony, pursuant to Federal Rule of Evidence 615. The motion is granted as to the request to exclude non-party witnesses during the testimony of other witnesses. The motion is denied as to the request to exclude witnesses from the courtroom during opening statements, since Rule 615 only governs the portion of trial when testimony is being heard. *See* Fed. R. Evid. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses").

Defendants' motion *in limine* #3
    Defendants seek to bar evidence regarding a police "code of silence," "a blue wall," or a police cover-up. The motion is granted as to generalized evidence of a police "code of silence," "blue wall," or police cover-up. *See*

## STATEMENT

*Maldonado v. Stinar*, No. 08 C 1954, 2010 WL 3075680, at *4 (N.D. Ill. Aug. 5, 2010). To the extent that plaintiff may attempt to elicit specific evidence of bias, the motion is denied, without prejudice to the assertion of an objection on this ground at trial, in response to specific evidence.

Defendants' motion *in limine* #4
 Defendants seek to bar plaintiff from mentioning incidents of police misconduct that are unrelated to the events and individuals involved in this case. The Court agrees that evidence of unrelated incidents of police misconduct has minimal probative value, and is highly prejudicial. The motion is granted.

Defendants' motion *in limine* #5
 Defendants have withdrawn this motion.

Defendants' motion *in limine* #6
 Defendants seek to bar any argument or implication that the defendants failed to comply with pretrial discovery. Plaintiff does not object to this motion. The motion is granted.

Defendants' motion *in limine* #7
 Defendants seek to bar any testimony or argument about "sending a message" or "punishing" the City, because plaintiff cannot recover punitive damages from the City in this case. Plaintiff has stated that he does not intend to argue that the City should be punished. The motion is granted.

Defendants' motion *in limine* #8
 Defendants seek to bar plaintiff from questioning potential jurors during voir dire as to how much money they might be willing to award. Plaintiff has stated that he does not intend to question potential jurors as described in the motion. The motion is granted.

Defendants' motion *in limine* #9
 Defendants seek to bar any implication or testimony that Chicago Police Department personnel are paid by the City to appear in court and testify. Plaintiff does not object to this motion. The motion is granted.

Defendants' motion *in limine* #10
 Defendant seeks to bar evidence or testimony that the City of Chicago may indemnify the individual defendants. Plaintiff has stated that he does not intend to mention indemnification. The motion is granted. However, this issue may be revisited at trial if defendants open the door by suggesting that they would be unable to pay damages. *See Fox-Martin v. County of Cook*, No. 09 C 1690, 2010 WL 4136174, at *4-5 (N.D. Ill. Oct. 18, 2010).

Defendants' motion *in limine* #11
 Defendants have withdrawn this motion.

Defendants' motion *in limine* #12
 Defendants seek to bar plaintiff from referring to or calling any undisclosed witnesses, or introducing any exhibits that were not previously disclosed in discovery. Since defendants do not identify a particular witness or exhibit, the motion is denied, without prejudice to the assertion of an objection on this ground at trial in response to specific evidence.

Defendants' motion *in limine* #13
 Defendants seek to bar any reference to plaintiff's prayer for punitive damages, on the basis that thus far there is no evidence that the individual defendants' acts were malicious, reckless, or callous. This motion is denied, without prejudice to renewal of this objection during trial.

Defendants' motion *in limine* #14
 Defendants have withdrawn this motion.

| STATEMENT |
|---|

Defendants' motion *in limine* #15

     Defendants seek to bar evidence or reference to Chicago Police Department regulations, general orders and special orders. The Court agrees that such evidence is not relevant to plaintiff's claims for violation of constitutional rights under 42 U.S.C. § 1983. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (noting that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established"). In addition, to the extent that such evidence may be relevant to plaintiff's claim for punitive damages, the Court finds that the danger of prejudice substantially outweighs any probative value the evidence may have. This motion is granted.

Defendants' motion *in limine* #16

     Defendants seek to bar plaintiff and his lay witnesses from testifying as to any medical conditions, causation, diagnoses or prognoses. Plaintiff has stated that he does not intend to give medical opinions and expert testimony, and in any event this issue is better addressed at trial. Accordingly, the motion is denied, without prejudice to the assertion of an objection on this ground at trial, in response to specific evidence.

Defendants' motion *in limine* #17

     Defendants seek to bar plaintiff, his counsel, and his witnesses from referring to the fact that plaintiff's criminal case was dismissed through a *nolle prosequi* motion by the State's Attorney. In support of their motion, defendants argue that the disposition of the criminal case is not relevant to plaintiff's malicious prosecution claim because a *nolle prosequi* dismissal is not necessarily indicative of the innocence of the accused, and therefore is not necessarily a favorable disposition.

     To prevail on his malicious prosecution claim, plaintiff must prove, among other things, that the underlying criminal action terminated in his favor. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). A *nolle prosequi* dismissal may or may not be a termination in a plaintiff's favor, depending on the reason for the dismissal. *See id.* at 1242-43. Since the disposition of plaintiff's criminal case is relevant to plaintiff's malicious prosecution claim, the motion is denied, without prejudice to the assertion of an objection on this ground at trial.

Defendants' motion *in limine* #18

     Defendants seek to bar evidence regarding how the City of Chicago trains, supervises, disciplines, monitors, and controls police officers, including evidence relating to whether the individual defendants have been trained to testify. The motion is denied, without prejudice to the assertion of an objection on this ground at trial in response to specific evidence.

*/s/ George W. Lindberg*